By the Court :
We have always censidered the title of mortgaged premises to remain in the mortgagor, as against all the world, except the mortgagee, and also as against him, until the deed becomes absolute at law, by the non-performance of the condition, and the mortgagee takes legal steps to reduce the premises to possession.
On this principle, we have decided that mortgaged premises may be sold on judgment and execution against the mortgagor, and that a mortgage, executed by the defendant, before the judgment, could not be set up as evidence of an outstanding title in an action of ejectment, brought by a purchaser under the sheriff, against the person in possession under the mortgagor, on the ground, that as the mortgage did not divest him of the legal title, the judgment was a lien on the premises, subject to the mortgage. In this case it appears that the money secured by the mortgage was due and unpaid. The condition was therefore broken. The deed has become absolute at law, and the plaintiff has a right to recover.
Judgment for the plaintiff. †

 Note by the Editor. — See also vii. 70, part 2; ii. 224. Sale of mortgaged premises on execution, see also viii. 21; ix. 28; x. 71. But the mortgaged premises must ho appraised at full value, as if they were not ineumhered, xi. 342; viii. 22; x. 71; xi. 450; xii. 81; xv. 106. So that the mortgagor’s equity of redemption, if sold on execution, must cost the purchaser the full value of the land, xv. 106.