Birchard, J.,
dissenting. This action should not be sustained. The plaintiff had no claim but that derived from the mortgage, and he was out of possession. By the uniform decisions of this Court, the mortgagor in possession holds the legal title, as against ail the world, except the mortgagee, and against him till the condition is broken. 2 Ohio Rep. 223 ; 8 Ohio Rep. 222.
There was no such thing as a reversionary interest in the mortgagee. He had no rights save those to be worked out under his mortgage deed. It is well settled that, while out of possession, he cannot maintain trespass. Equally well settled is it, that for an injury, immediate and direct, trespass, and not case, is the only remedy known to the common law. •
Our statute giving the action of case where trespass would lie at common law, seems to break down old and established forms. It was enacted to place, as far as legislation could effect that object, the unskilled and ignorant upon an equality with men of experience and learning — not to create a right of action, which was before unknown, and which would give to one man a remedy that otherwise would belong to his neighbor.
This is manifestly a case of first impression. It is a novelty. There is nothing like it in all the books. Nothing which will *733 bear a close analogy to it, when carefully examined. The mere fact that it is novel, however, would not be a fatal objection, in my opinion, if it were the only one. There is something more serious than novelty to be overcome. The wrong for which this suit was brought, was the detaching of ailedged fixtures. The injury complained of was direct, and done to the realty. The person in possession was the one who had the right of action. He, and he alone, should be allowed to prosecute; and he may, tomorrow, sue for and recover damages to the full extent of all the injury done to the premises. The levy of an execution upon the real property, or upon fixtures — which, as savoring of the realty; would pass by deed conveying the land — could not be justified under the execution. The officer and the defendant treated it as personal chattels; and if it was not such, they were both trespassers ab initio. The proceedings upon execution -will be no defence to a suit brought by the mortgagor, if the property sold was what the plaintiff claimed it to have been, and the rule of damages cannot bo less than the amount of the whole injury that was sustained.
My brethren argue that this proceeding would be no bar to an action by the mortgagor. They claim, however, that it would bar a recovery, so far as the damages to the reversionary interest are concerned. As I have before said, there is no reversionary interest in the mortgagee. The owner of the land, the mortgagor, has the interest affected by the supposed tres-» pass. It was his right to protect the property, pledged for the payment of his own debt, from waste; his right to have the whole of it, either to use in payment of his debts or otherwise, as might not be inconsistent with his own contracts, and no trespasser can gainsay that right.
To make the matter apparent to any one, let me suppose the act complained of to have been done by a wanton trespasser; that the mortgagor in possession prosecutes for the injury, and proves the damages to be equal to half the original value of the ?and and its appurtenances. The rule of damages would be such sum as would be equivalent to the injury. This Court *734 .Would-direct the jury to’ assess 'that amount, at,'all events. The that' the land was'üíider a.'mortgage for .¡pore than its value, ''would mot-affect, the- rule. ' If,.the mortgage, should be offered' for.-such .¿- purpose, 'it. would; be ruled out*- and ' the trespasser Áyduld.-b.e''tóld 'that iC'was'the/priyilege.-qf his.advefsary.tp have W'.oWn'-'propefty' applied ,tp -the payment .-or-security of his -debts’,and that-it'was as valuable ;tó him for that purpose as-for any other. The recovery, therefore,' jVoiild be. fpf the whole amount of the damage. • ' - '
■ Now, if this .plaintiff’s, action is allowed, there is nothing in the' case which' I have .supposed to prevent the mortgagee from prosecuting andtréeóvering damages for the same injury.. The mortgaged' premises .being of.less'-value than' the debt, secured by it, and the-only means of payment* the inju.fy to the mortgagee must be held;.'under the theory of my,brethren, coextensive with the- supposed trespass. Thus, there, would be two actions, and two recoveries of full'damages; in, addition tp smart-money for the same mattér, cause and thing, by different, plaintiffs. Suqh. a. thing would mot be a-mere novelty. It would . •be an'absurd violation of justice — a wrong which would demand a new remedy; and if the Legislature would not give it, the Court would-feel itself called upon to retrace its steps, or to make such further advance as would meet 'aft evil of -its own creation. y .: ' ■
•" It is said, 'that if the, plaintiff has any remedy it.m.ustf -be-.' by this action. . ' ' • .
Cases to sustain it áre cited from other States, in which, for like injuries, trespass lias been maintained. ' It is admitted that in all 'those States, the legal estate and'right- of, possession are regarded-as in the mortgagee,; and', that'the"different rulépn Ohio renders case the proper action here.. ■ :
’ It may be, that the plaintiff will-'have no' .remedy if this, action could .not be sustained. If so, he would be placed in the same condition that many other creditors have been who took insufficient measures-to secure the debts dire them. He might have done better. There was no law to hinder him from con *735 tracting. for the possession or control of the property pledged • to him as security. It was his own folly.'to leave it in the hands of his creditor. ■
The cases quoted from other States, violate no correct princi- • pie and lead to no absurdity. They give the legal action to him holding the title and the possession, and, as a consequence, would deny it to the opposite party. ■ They would send the latter, holding, as they do, that he had but an equity of re-. demption, into a court of equity to enforce any right belonging' to him. That should be done in. this State, under our decisions, by the mortgagee. One having but an equity, and .no legal title or actual possession, should not be permitted to re sort to a court of law and prosecute an action upon a mere equitable claim, contingent in its nature, and which at any moment may be utterly extinguished by the payment of the debt.