GEORGE KERN, ADMR. v. RILLA J. KERN ET AL.

**1. Mortgage Condition Broken before Marriage, Widow is Dowable out of Surplus after Mortgage Paid, not of Entire Purchase Money.**

Where land is mortgaged by the husband and the condition is broken before marriage and after marriage the husband dies. upon sale of the land by his administrator for payment of his debts, and the proceeds of the sale of the mortgaged land are large enough to pay the mortgage debt and leave a surplus sufficient to allow the widow dower in the entire proceeds, held that the widow is only dowable of the surplus proceeds after paying the mortgage debt and not out of the entire purchase money.

**2. Husband not Seized of Estate of Inheritance.**

The husband was not seized of an estate of inheritance during coverture in the land, and at the time of his death he owned but an equity therein.

**3. Dower Measured by Interest of Deceased Consort.**

The widow's right to dower in the land of her deceased husband is to be measured by his interest therein, and can rise no higher.

**4. Mortgage Condition Broken Legal Title is in Mortgagee.**

The condition in the mortgage having been broken before marriage, the legal title at that time was in the mortgagee.

[Syllabus approved by the court.]

*Charles Gerhardt,* for plaintiff.

*Barton Walters,* for defendants.

---

*Affirmed, no op., Kern v. Kern, 87 O. S. 481.

Kern v. Kern.

## WALTERS, J

Philip Kern, a resident of this county, died in 1910, intestate. He was twice married. Before his marriage to his second wife he had given two several mortgages. He intermarried with his second wife, now his widow, Rilla J. Kern, in 1909. There were no children of such marriage. At the time of his marriage the mortgages given upon the land in question were due and unpaid. After his death proceedings were instituted in the probate court to sell the land for the payment of debts; the widow was made a party by answer, and comes in and waives the setting off of her dower by metes and bounds, and elects to take the value of the same out of the proceeds of the sale. The widow claims she should be endowed as of the whole proceeds of the sale; the heirs claim that she should be endowed only out of the surplus that may remain after the payment of the mortgages.

The sole question presented to this court is, as to whether or not the widow's dower should be calculated on the whole of the purchase money, or only upon the surplus that may be left after the payment of the mortgages.

This question has arisen in different ways and in different forms and phrases, in the Supreme Court of the state, in different cases. It is claimed on behalf of the widow, in the first place, that the husband was seized of such an estate at the time of marriage and during the coverture, that she is entitled to dower in the whole premises. It seems to this court that a good deal of attention should be paid to the principles governing the assignment of dower, and the kind of an estate that the husband must have before the widow is entitled to dower, and it will shed a great deal of light upon the solution of this question. It has been already stated that at the time the widow married Philip Kern, that these mortgages were resting upon this land, and that they were due. The effect of that matter is to transfer the legal title in the premises from the mortgagor to the mortgagee and the mortgagee has a deed, not an absolute, but a conditional deed to the premises.

Philip and his first wife executed this conditional deed to convey absolute title to the mortgagees in this case, conditioned; however, upon the fact that they pay the money as stipulated in the conditional clause, and in case they do not pay the debt as it is written in the mortgage deed, and in the conditional clause, that then the title to the premises shall become absolute. The effect of that deed of mortgage, and the condition in the deed, is such that our Supreme Court has decided several times, and it is the law in Ohio, that when any condition in a mortgage is broken that the legal title to the mortgaged premises passes from the mortgagor to the mortgagee; in other words, the condition having been broken, the conditional clause in the mortgage or in that absolute part of the deed then becomes operative, and the conditions not having been complied with, the deed passes the legal title over to the mortgagee. That is the condition of affairs at the time the widow here married Philip Kern. The mortgagees in this instance owned the fee simple title to the real estate; the legal title by the conditions having been broken passed to mortgagees. Philip Kern then retained only an equity in these premises, viz., the right to redeem by paying the mortgages.

The Supreme Court has decided that the legal title passes so effectively from the mortgagor to the mortgagee when the condition is broken, that the mortgagee may maintain an action in ejectment against the mortgagor and recover the possession of the premises; in order to maintain an action in ejectment the person seeking possession of the premises must have the legal title thereto. Therefore at the time the widow here married Philip Kern, the condition of the mortgage having become broken, and the deed having become absolute, and the legal title having passed from Philip Kern to the mortgagee, the wife was endowed at the time of the marriage of an inchoate right in whatever interest Philip had in these premises, and he had, as I said before, at that time only an equitable interest, a right to redeem.

The statute in reference to dower is, that the husband must have been seized during coverture of an estate of inheri-

Kern v. Kern.

tance, or he must have been seized of an equitable estate at the time of his death. Philip Kern had no legal estate at the time of his death, nor was he seized of an estate of inheritance in this land at any time during coverture; he was only seized or had the title to or ownership in an equitable interest in this farm, a right to redeem. That being so it would seem to appear from the very language of the statute, and from the very condition of the title to this land, that the wife could only take such interest in the husband's property, at the time of marriage or during coverture, as he had. Her rights could not rise any higher than his. He only having an equitable estate in the land at the time of marriage, and at the time of his death, his widow could only take such dower in such land as he had a beneficial interest in. That is the measure. When we come to look at the authorities there does not seem to be any conflict in the authorities in Ohio on the subject. Possibly some judge in delivering an opinion has made a statement that would seem to be in conflict with some other cases decided by our Supreme Court, but when you apply the facts of the particular cases, to the statements made by the judge in the opinion, and look at the underlying principle that must be observed, we can not see that there is any particular conflict in the cases, especially since the Supreme Court has overruled the case of *State Bank* v. *Hinton*, 21 Ohio St. 509. *Rands* v. *Kendall*, 15 Ohio 671, decided in 1846, has never been overruled or modified in any particular. The syllabus is as follows:

"Where land is mortgaged by the husband, and the condition is broken before the marriage, and the equity of redemption is released by the mortgagor during coverture; his widow is not entitled to dower, after his decease.

"To entitle the widow to dower, her husband must have been seized of a legal estate of inheritance during the coverture, or of an equitable interest at the time of his death."

It is claimed that in *Ely* v. *McGuire*, 2 Ohio 223, the Supreme Court said that rule only applied between mortgagor and mortgagee, but in this case the court is of the opinion that it carries further, that is, to all parties, that the legal title is vested in the mortgagee.

Pickaway County Circuit.

As late as 1881, the case of *Abbott* v. *Bosworth,* 36 Ohio St. 605, it was held in the second syllabus:

"To entitle a widow to dower in an equitable estate of her husband he must have owned said estate at the time of his decease."

That is exactly like the syllabus in the Rands case which I just read a moment ago, and they approve it and follow it. In the Rands case, the mortgage had become absolute, and they decided, therefore, that he didn't in that case have an estate of inheritance at the time of marriage, and he didn't die seized of an equitable estate, and in that case, therefore, she couldn't have dower at all. In this case, Philip Kern died seized of an equity, a right to redeem.

It is claimed that the cases, *Kling* v. *Ballentine,* 40 Ohio St. 391; *Mandel* v. *McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627], and a case in *Emmert* v. *Elyria,* 27 O. C. C. 353 (6 N. S. 381); *Hickey* v. *Conine,* 27 O. C. C. 369 (6 N. S. 321), affords authority for the allowance of dower calculated upon the whole purchase money.

It might be observed that in the case reported in *Kling* v. *Ballentine,* and *Mandel* v. *McClave, supra,* that these cases were cases where the wife and the husband joined in the mortgage, the husband owing the entire land or estate at the time the mortgage was given. The land was sold. Held in those cases that the wife's dower should be calculated not only upon the surplus that may remain after the payment of the mortgages, but upon the entire purchase money, and that, upon the theory, and upon the principle that the husband during coverture was seized of an entire fee simple property, and that her right to dower must be measured by the amount and quantum of the estate that he owned during coverture, which was the entire estate; and that the wife in a case of that kind is looked upon as a mere surety or security for the debt of her husband, and that she only so far forthgives her inchoate dower interest in her property when she signs the mortgage, as that it may be necessary to take her inchoate dower interest for the payment of her husband's debt, but if sufficient remains of the husband's alone, if his estate is sufficient to pay the debt, then she stands in the

light of a surety, and his estate having been sold for enough to pay the rest, leaving a surplus, that she, therefore, is entitled to dower in the whole proceeds of the land that we consider equitable. So that in the case of *Kling* v. *Ballentine,* and *Mandel* v. *McClave, supra,* those cases are distinguished from the case at bar.

The case of *Culver* v. *Harper,* 27 Ohio St. 464, is a case, we think, in line and harmony with our ruling in the case at bar. The syllabus is as follows:

"The widow of a purchase money mortgagor, mortgage given before marriage, and property sold by the executors to pay the mortgage debt, is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage."

This case in *Nichols* v. *French,* 83 Ohio St. 162 [93 N. E. Rep. 897], is affirmed, and the court makes the distinction in the opinion in this case that we have already adverted to, that it is the quantum of the estate at the time of the marriage or during coverture that must determine the measure of the widow's dower in his land; and if the husband at the time of marriage or during coverture owned the entire fee, then, if the mortgage was given as in the McClave case, the widow is entitled, if she signs the mortgage, to have the husband's estate first exhausted, as she stands in the light of a surety. But if at the time of marriage the husband owns only an equity of redemption, her dower interest is measured by the beneficial interest he has. Hers can rise no higher than his. These distinguishing points, as I have said, were pointed out by Judge Shauck, in *Nichols* v. *French, supra,* in the opinion in the case I have already read from, and the syllabus in the Culver case is one which they followed in that case.

In the case of *Hickey* v. *Conine, supra,* we are able to see that there is quite a distinction between that case and the case at bar. In that case the purchase money mortgage that existed upon the premises was not due, and, therefore, the legal title had not passed from the mortgagor to the mortgagee, and the circuit court mentions that fact. In the opinion on page 374 it is said:

Pickaway County Circuit.

"As against the mortgagee and all the world the legal title to the mortgaged premises, until condition broken, remains in the mortgagor. It is only after the condition of the mortgage is broken that the legal title as between the mortgagor and mortgagee vests in the mortgagee. Nothing vests the legal title in the mortgagee but the breach of the condition of the mortgage * * *. In the case at bar the conditions of the mortgages were not broken, and as against the mortgagee and all else the legal title remained in the mortgagor, and this whether the debt secured by it was for purchase money or otherwise. No action was pending or could be commenced to foreclose this mortgage or to recover possession in ejectment under it, and no proceedings could be taken or had to enforce the vendor's lien for the purchase money, the debt to which the mortgage was incident."

This case was affirmed by the Supreme Court, and upon reason and logic it sustains the position taken by counsel for plaintiff in error in this case, but in facts that I have pointed out it does not. The Supreme Court simply affirmed the case by a divided court, and we can hardly take it as an authority in overruling the principles laid down in the cases previously decided by our Supreme Court. In fact, the elementary principles in regard to dower, inchoate or otherwise, of the widow in lands of her deceased husband, there has been some confusion in the authorities arising out of the fact that the cases are numerous where the controversy was in regard to purchase money mortgages, and the rule obtaining in Ohio, that the widow can not claim dower as against the purchase money mortgage, that the husband never has such seizure, when the land is conveyed to him by the vendor, and he executes a mortgage back to the vendor for the purchase money, that the vendee never has such seizure in law that the dower of the wife can attach. But this is limited and restricted to the purchase money mortgage alone. Take the purchase money mortgages out of the question and the legal title still remains in the vendee and is of such a character that dower can attach.

It is well settled in Ohio as against purchase money mort-

Kern v. Kern.

gages that the husband has no such seizure as that dower can attach.

Upon the whole, we are satisfied that the courts below were right on principle and authority in denying to the widow here a calculation of her dower based upon the whole purchase money of this land, but should be confined to the surplus after the payment of the mortgage.

The judgment of the lower court will be affirmed.

**Jones** and **Sayre, JJ.,** concur.